

FILED

12/21/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0683

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0683

DANIEL FOX,

      Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

      Respondent.

FILED

DEC 20 2022

Bowen Greenwood
Clerk of the Supreme Court
State of Montana

ORDER

    Daniel Fox petitions this Court for habeas corpus relief because of the "illegal revocation" of his parole "which were based upon the incorrect determination of . . . 'NON-COMPLIANCE' violations. . . ." (Emphasis in original). Fox contends that his illegal confinement is due to the Board of Pardons and Parole (Board) and its actions.

    Fox explains that on December 18, 2020, the Montana Highway Patrol detained and arrested him for felony drug possession, and that the State filed a complaint in the Custer County Justice Court. He states that on December 30, 2020, his Parole Officer filed a Report of Violation with the Board, citing the felony complaint. Fox adds that unknown to him and during the protracted delay for his parole revocation hearing, the court dismissed the criminal complaint on January 25, 2021. Citing to Montana statutes and *Morrissey v. Brewer*, Fox challenges his confinement because the charge was dismissed. Fox alleges that the Board incorrectly revoked his parole because the Montana Incentives Intervention Guide (MIIG) should have been utilized. 408 U.S. 471, 92 S. Ct. 2593 (1972); § 46-23-1028, MCA. Fox also contends that the Board violated his due process and civil rights and that the Board was not a neutral and detached body.

While Fox correctly cites the various laws in Montana, his conclusion is wrong. Fox's new offense triggered the Board's revocation of his parole. It does not matter that the Justice Court later dismissed the felony charge because the Report of Violation reflected a non-compliance violation with a new offense. Section 46-23-1001(3)(a), MCA. We note that the attached Report of Violation lists two non-compliance violations and recommends placement at the Montana State Prison to appear before the Board. Because of the non-compliance violations, the MIIG does not apply to Fox. Section 46-23-1028, MCA. Fox was not entitled to a prompt hearing, within five days of his arrest, because of this new offense. "After the arrest of the parolee, an initial hearing must be held unless [,] . . . the parolee has been *charged* in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA (emphasis added).

The *Morrissey* Court listed the minimum requirements of due process. *Morrissey*, 408 U.S. at 488-89; 92 S. Ct. at 2604. Fox received a copy of the Report of Violation or written notice of the claimed violations, and these violations were disclosed to him. While Fox may contend that his speech was stifled, he had an appearance before the Board and an opportunity to be heard. Fox asserts the Board was not neutral and detached as required. Fox's contention does not overcome the reported non-compliance violations.

We have pointed out several times before that the revocation of parole is not a part of the criminal prosecution. *Morrissey*, 408 U.S. at 480, 92 S. Ct. at 2599-2600. Montana's statutory scheme outlines the process that a parolee, such as Fox, is due. *See* §§ 46-23-1024, and -1025, MCA. The Board afforded Fox notice, disclosure of evidence, and opportunity to be heard when he appeared before the Board. *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604. The Board determined that Fox violated his parole and subsequently revoked his parole, pursuant to § 46-23-1025(2), MCA. The Board adhered to Montana's statutory process for Fox's parole revocation.

Fox's due process rights were not violated. Habeas corpus is not the remedy for Fox's claims of civil rights violations. Lastly, we point out that this Court does not hold evidentiary hearings, and we do not issue certificates of appealability, as in federal court.

2

We have repeatedly stated that the Board's authority is broad, and any review of the Board's decision is limited to the minimum requirements as listed in case law, statutes, and administrative rules. *See McDermott v. McDonald*, 2001 MT 89, ¶ 20, 305 Mont. 166, 24 P.3d 200 (The Board "may consider evidence of offenses which were charged in dismissed counts."). (Citation omitted).

"Parole . . . is a discretionary grant of freedom from incarceration." *McDermott*, ¶ 24. Fox has not shown that the Board erred in revoking his parole. Fox has not demonstrated that he is illegally incarcerated. Section 46-22-101(1), MCA.

Therefore,

IT IS ORDERED that Fox's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Daniel Fox personally.

DATED this _____ day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3